

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-546-06

### TONY DEMOND WRIGHT, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### DENTON COUNTY

**KEASLER, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

Tony Demond Wright was charged with the second degree felony offense of possession of a controlled substance. Before trial, Wright filed a motion to suppress contending that the tactical team's no-knock entry to the house was unreasonable. After holding a pretrial suppression hearing, the trial judge denied Wright's motion. Wright later pled guilty pursuant to a negotiated plea bargain agreement with the State. Accepting the terms of the agreement, the trial judge entered an order deferring adjudication and placing

Wright on community supervision for a period of four years. Having preserved his right to appeal the trial judge's decision to deny his motion to suppress, Wright filed a notice of appeal. The trial judge then certified Wright's right to appeal.

Before the Fort Worth Court of Appeals, Wright challenged the trial judge's refusal to grant his motion to suppress.[1] Each justice on the panel filed a separate unpublished opinion.[2] A majority of the court of appeals, albeit for different reasons, reversed the trial judge's decision to deny Wright's motion to suppress.[3] As a result, the court remanded the case to for a new trial without the illegally seized evidence.[4] The State filed a petition for discretionary review, which we granted.

After the court of appeals issued its opinion, the United States Supreme Court, in *Hudson v. Michigan*, held that, under the Fourth Amendment to the United States Constitution, a violation of the knock-and-announce rule does not require the suppression of evidence discovered during a search.[5] Because Wright challenged the trial judge's refusal to grant his motion to suppress exclusively under the Fourth Amendment in the court of

---

[1] *Wright v. State*, No. 2-04-249-CR, 2006 Tex. App. LEXIS 1890, at *8-9 (Tex. App.—Fort Worth Mar. 9, 2006) (not designated for publication).

[2] *Id.* at *1-9 (Dauphinot, J.), *9-11 (McCoy, J. concurring), *11-17 (Livingston, J., dissenting).

[3] *Id.* at *8-9 (Dauphinot, J.), *9-10 (McCoy J., concurring)

[4] *Id.* at *9 (Dauphinot, J.).

[5] 547 U.S. 586, 594, 599 (2006).

appeals and the court of appeals did not have the benefit of the Supreme Court's decision in *Hudson* when rendering its decision, we reverse and remand case for reconsideration in light of *Hudson*.

DATE DELIVERED: May 7, 2008
PUBLISH