# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


### NO. 2-04-249-CR

TONY DEMOND WRIGHT                                                   APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION ON REMAND[1]

------------

Appellant Tony Demond Wright was charged with the second degree felony offense of possession of a controlled substance. Before trial, he filed a motion to suppress, challenging the police's no-knock entry. After a hearing, the trial court denied his motion. Appellant pled guilty pursuant to a plea bargain, and the trial court placed him on deferred adjudication community

---

[1] *See* Tex. R. App. P. 47.4.

supervision for four years.

In his original appeal to this court, Appellant challenged the trial court's denial of his motion to suppress.[2] A majority of this court, admittedly for different reasons, reversed the trial court's judgment and remanded the case for a new trial without the illegally seized evidence.[3]

On the State's petition for discretionary review, the Texas Court of Criminal Appeals reversed this court's decision and remanded the case to this court for reconsideration in light of *Hudson v. Michigan*, which the United States Supreme Court handed down after this court handed down its original opinion.[4] The *Hudson* court held that under the Fourth Amendment to the United States Constitution, a violation of the knock-and-announce rule does not require the suppression of evidence discovered during a search.[5]

Although Appellant referred to the Texas Constitution and statutes in his motion to suppress, on appeal he relied solely on the Fourth Amendment to the

---

[2] *Wright v. State*, No. 02-04-00249-CR, 2006 WL 563617, at *2–3 (Tex. App.—Fort Worth Mar. 9, 2006) (not designated for publication).

[3] *Id.* at *2–3 (Dauphinot, J.),*5 (McCoy, J., concurring).

[4] *Hudson v. Michigan*, 547 U.S. 586, 126 S. Ct. 2159 (2006); *Wright v. State*, 253 S.W.3d 287, 288 (Tex. Crim. App. 2008).

[5] *Hudson*, 547 U.S. at 594, 599, 126 S. Ct. at 2165, 2168.

United States Constitution.[6] On remand, he suggests that he is entitled to relief under the Texas Constitution.

Because on appeal Appellant challenged the trial court's denial of his motion to suppress solely under the Fourth Amendment, we hold that he has forfeited his state law claims.[7] Relying on *Hudson*, we hold that the trial court did not reversibly err by denying Appellant's motion to suppress.[8] We therefore overrule his points and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 26, 2008

---

[6] *See Wright*, 253 S.W.3d at 288.

[7] *See Monreal v. State*, 947 S.W.2d 559, 563 n.5 (Tex. Crim. App. 1997); *Rochelle v. State*, 791 S.W.2d 121, 124–25 (Tex. Crim. App. 1990); *Eldridge v. State*, 940 S.W.2d 646, 650 (Tex. Crim. App. 1996); *McCambridge v. State*, 712 S.W.2d 499, 501–02 n.9 (Tex. Crim. App. 1986).

[8] *See Hudson*, 547 U.S. at 594, 599, 126 S. Ct. at 2165, 2168.