COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO. 2-04-249-CR

 

 

TONY DEMOND WRIGHT                                                      APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

              FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                                  ------------

 

                      MEMORANDUM OPINION ON REMAND[1]

 

                                                  ------------








Appellant
Tony Demond Wright was charged with the second degree felony offense of
possession of a controlled substance. 
Before trial, he filed a motion to suppress, challenging the police=s no‑knock
entry.  After a hearing, the trial court
denied his motion.  Appellant pled guilty
pursuant to a plea bargain, and the trial court placed him on deferred
adjudication community supervision for four years.

In his
original appeal to this court, Appellant challenged the trial court=s denial
of his motion to suppress.[2]  A majority of this court, admittedly for
different reasons, reversed the trial court=s
judgment and remanded the case for a new trial without the illegally seized
evidence.[3]  

On the
State=s
petition for discretionary review, the Texas Court of Criminal Appeals reversed
this court=s decision and remanded the case
to this court for reconsideration in light of Hudson v. Michigan, which
the United States Supreme Court handed down after this court handed down its
original opinion.[4]  The Hudson court held that under the
Fourth Amendment to the United States Constitution, a violation of the
knock-and-announce rule does not require the suppression of evidence discovered
during a search.[5]  








Although
Appellant referred to the Texas Constitution and statutes in his motion to
suppress, on appeal he relied solely on the Fourth Amendment to the United
States Constitution.[6]  On remand, he suggests that he is entitled to
relief under the Texas Constitution.  

Because
on appeal Appellant challenged the trial court=s denial
of his motion to suppress solely under the Fourth Amendment, we hold that he
has forfeited his state law claims.[7]  Relying on Hudson, we hold that the
trial court did not reversibly err by denying Appellant=s motion
to suppress.[8]  We therefore overrule his points and affirm
the trial court=s judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 26, 2008











[1]See Tex. R. App. P. 47.4.





[2]Wright v. State, No. 02‑04‑00249‑CR,
2006 WL 563617, at *2B3 (Tex. App.CFort Worth Mar. 9, 2006)
(not designated for publication).





[3]Id. at *2B3 (Dauphinot, J.),*5
(McCoy, J., concurring).





[4]Hudson v. Michigan, 547 U.S. 586, 126 S.
Ct. 2159 (2006); Wright v. State, 253 S.W.3d 287, 288 (Tex. Crim. App.
2008). 





[5]Hudson, 547 U.S. at 594, 599,
126 S. Ct. at 2165, 2168. 





[6]See Wright, 253 S.W.3d at 288. 





[7]See Monreal v. State,
947 S.W.2d 559, 563 n.5 (Tex. Crim. App. 1997); Rochelle v. State, 791
S.W.2d 121, 124B25 (Tex. Crim. App.
1990); Eldridge v. State, 940 S.W.2d 646, 650 (Tex. Crim. App. 1996); McCambridge
v. State, 712 S.W.2d 499, 501B02 n.9 (Tex. Crim. App. 1986).





[8]See Hudson, 547 U.S.
at 594, 599, 126 S. Ct. at 2165, 2168.