**Opinion filed September 2, 2010**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-08-00318-CR & 11-08-00319-CR

_____

## MERCEDES JEROME BROOKS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause Nos. CR19394 & CR19395**

### M E M O R A N D U M   O P I N I O N

In Cause No. 11-08-00318-CR (No. CR19394 in the trial court), Mercedes Jerome Brooks entered an open plea of guilty to the offense of possession of a controlled substance – between four and 200 grams of cocaine – with the intent to deliver. He also entered a plea of true to the enhancement allegation. In Cause No. 11-08-00319-CR (No. CR19395 in the trial court), appellant entered an open plea of guilty to the offense of possession of between four ounces and five pounds of marihuana. The trial court convicted appellant of both offenses,

found the enhancement allegation to be true in Cause No. 11-08-00318-CR, and assessed punishment at confinement for fifty years and at two years in state jail, respectively. We affirm.

Appellant presents three issues challenging the trial court's denial of his motion to suppress.[1] In the first issue, appellant contends that his Fourth Amendment rights were violated because the officers did not allow sufficient time for appellant to answer the door before they entered the residence. In the second issue, appellant contends that the money listed in the affidavit in support of the search and arrest warrant was discovered during an illegal search. In his final issue, appellant asserts that the affidavit failed to provide sufficient probable cause for the issuance of the warrant.

The record shows that the trial court conducted a pretrial hearing on appellant's motion to suppress and that two witnesses testified at the hearing: Investigator Vance Hill and Sergeant Tony Aaron. Investigator Hill, a certified peace officer with more than twenty years of experience, testified that he was involved in a huge operation in Brown County to simultaneously execute narcotic-related search and arrest warrants. One such warrant was a capias to arrest appellant for the first degree felony offense of delivery of a controlled substance. Investigator Hill was assigned as the case agent for the execution of the warrant to arrest appellant. He testified that a team of officers arrived at appellant's house about daylight to execute the warrant. Appellant's vehicle was there, and a television was on. Before making a forced entry into appellant's residence, the officers "knocked on the front door very loudly," hesitated for "15-20 seconds," knocked again, and announced in a loud voice: "Police department, arrest warrant." Upon entering the residence, Investigator Hill observed marihuana lying in plain sight on the coffee table in the living room. Inside the residence were appellant, Jamie Davis, and their infant child. Appellant and Davis refused to consent to a search of their house, so Investigator Hill notified Sergeant Aaron of the situation, including the marihuana in plain sight. While Investigator Hill remained at the scene to help secure it, Sergeant Aaron prepared an affidavit and obtained a warrant to search appellant's residence. Large amounts of cocaine and marihuana were discovered during the execution of the search warrant.

For Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is

---

[1]We note that appellant urged, and the trial court ruled on, the motion to suppress in Cause No. CR19394 only and that appellant withdrew his motion to suppress in Cause No. CR19395. We also note that the cases were subsequently joined for trial in a single criminal action. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.132 (Vernon 2010).

reason to believe the suspect is inside. *Payton v. New York*, 445 U.S. 573, 603 (1980). In this case, the record indicates that the officers had a warrant to arrest appellant and had reason to believe he was inside his residence when they knocked on the door. Prior to making entry into appellant's residence, the officers knocked, announced loudly, and waited for a sufficient period of time. *See United States v. Banks*, 540 U.S. 31 (2003) (upholding a 15-to-20 second wait). Under the circumstances in this case, the trial court could have found that the officers did not violate the Fourth Amendment's knock-and-announce requirement.

Furthermore, a violation of the Fourth Amendment's knock-and-announce rule does not require suppression of the evidence. *Hudson v. Michigan*, 547 U.S. 586 (2006); *Wright v. State*, 253 S.W.3d 287 (Tex. Crim. App. 2008). Pursuant to *Hudson*, even if the officers in this case failed to wait a reasonable time after knocking and announcing before entering appellant's residence pursuant to the warrant, the evidence discovered as a result of the entry was not subject to suppression. We hold that the trial court did not err in denying appellant's motion to suppress on Fourth Amendment grounds. Appellant's first issue is overruled.

In the second issue, appellant contends that the money listed in the affidavit in support of the search and arrest warrant was discovered during an illegal search. Nothing in the record suggests that the money was found during an illegal search. The affidavit indicates that, during the execution of the arrest warrant, the money was observed lying on a dresser. Appellant's contention is not supported by the record, and the issue is overruled.

In his third issue, appellant complains that the affidavit in support of the search warrant is insufficient to support the warrant. A magistrate's determination to issue a search warrant is subject to the deferential standard of review articulated in *Illinois v. Gates*, 462 U.S. 213 (1983), and *Johnson v. State*, 803 S.W.2d 272 (Tex. Crim. App. 1990). *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). Under that standard, we must give deference to a magistrate's determination of probable cause and affirm that decision if the affidavit demonstrates a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Id.* at 810. Our inquiry is whether the affidavit contains sufficient facts, coupled with inferences from those facts, to establish a fair probability that evidence of a particular crime will likely be found at a given location. *Rodriguez v. State*, 232 S.W.3d 55, 62 (Tex. Crim. App. 2007).

The affidavit in this case reflects that the affiant, Sergeant Aaron, had been a licensed peace officer in the State of Texas for over ten years and had investigated numerous felony drug offenses. The affidavit reads in part as follows:

> [Y]our affiant has received information from District Attorney Investigator Vance Hill of the 35th Judicial District Attorney's Office Who has been a commissioned peace officer for the state of Texas for over ten years. Investigator Vance Hill advised affiant that on December 13, 2007 that while he along with other officers went to the suspected place to serve a state indictment on the Suspected Parties for the distribution of ecstasy. Upon making entry into the suspected place Hill observed marijuana laying in plain view on the coffee table and folded monies lying on a dresser in the bedroom. Hill identified both suspected parties as living at the suspected place. Affiant is aware that the Suspected Parties is a known drug trafficker and has a criminal history for drug related offenses. Affiant believes additional marijuana or evidence of Possession of a controlled substance exist.

The information contained in Sergeant Aaron's affidavit shows that an experienced peace officer had just observed marihuana in plain view at the suspected place, which was identified in the affidavit as appellant's residence. The magistrate could reasonably have inferred from the affidavit that the experienced peace officer was qualified to recognize marihuana when he saw it. *See Davis v. State*, 202 S.W.3d 149 (Tex. Crim. App. 2006) (upholding finding of probable cause based on inference that officer who stated that he smelled an odor he associated with the manufacture of methamphetamine was qualified to recognize that odor). We hold that the affidavit is sufficient to justify the magistrate's finding of probable cause. Appellant's third issue is overruled.

The judgments of the trial court are affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


September 2, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4