Opinion filed September 2,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-08-00318-CR & 11-08-00319-CR

                                                    __________

 

                         MERCEDES
JEROME BROOKS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                       Trial Court Cause
Nos. CR19394 & CR19395

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            In
Cause No. 11-08-00318-CR (No. CR19394 in the trial court), Mercedes Jerome
Brooks entered an open plea of guilty to the offense of possession of a
controlled substance – between four and 200 grams of cocaine – with the intent
to deliver.  He also entered a plea of true to the enhancement allegation.  In
Cause No. 11-08-00319-CR (No. CR19395 in the trial court), appellant entered an
open plea of guilty to the offense of possession of between four ounces and
five pounds of marihuana.  The trial court convicted appellant of both offenses,
found the enhancement allegation to be true in Cause No. 11-08-00318-CR, and
assessed punishment at confinement for fifty years and at two years in state
jail, respectively.  We affirm.

            Appellant
presents three issues challenging the trial court’s denial of his motion to
suppress.[1] 
In the first issue, appellant contends that his Fourth Amendment rights were
violated because the officers did not allow sufficient time for appellant to
answer the door before they entered the residence.  In the second issue,
appellant contends that the money listed in the affidavit in support of the
search and arrest warrant was discovered during an illegal search.  In his
final issue, appellant asserts that the affidavit failed to provide sufficient
probable cause for the issuance of the warrant.  

            The
record shows that the trial court conducted a pretrial hearing on appellant’s
motion to suppress and that two witnesses testified at the hearing: 
Investigator Vance Hill and Sergeant Tony Aaron.  Investigator Hill, a
certified peace officer with more than twenty years of experience, testified
that he was involved in a huge operation in Brown County to simultaneously
execute narcotic-related search and arrest warrants.  One such warrant was a capias
to arrest appellant for the first degree felony offense of delivery of a
controlled substance.  Investigator Hill was assigned as the case agent for the
execution of the warrant to arrest appellant.  He testified that a team of
officers arrived at appellant’s house about daylight to execute the warrant. 
Appellant’s vehicle was there, and a television was on.  Before making a forced
entry into appellant’s residence, the officers “knocked on the front door very
loudly,” hesitated for “15-20 seconds,” knocked again, and announced in a loud
voice: “Police department, arrest warrant.”  Upon entering the residence,
Investigator Hill observed marihuana lying in plain sight on the coffee table
in the living room.  Inside the residence were appellant, Jamie Davis, and
their infant child.  Appellant and Davis refused to consent to a search of
their house, so Investigator Hill notified Sergeant Aaron of the situation,
including the marihuana in plain sight.  While Investigator Hill remained at
the scene to help secure it, Sergeant Aaron prepared an affidavit and obtained
a warrant to search appellant’s residence.  Large amounts of cocaine and
marihuana were discovered during the execution of the search warrant.

            For Fourth Amendment purposes, an arrest warrant founded on
probable cause implicitly carries with it the limited authority to enter a
dwelling in which the suspect lives when there is reason to believe the suspect
is inside.  Payton v. New York, 445 U.S. 573, 603 (1980).  In this case,
the record indicates that the officers had a warrant to arrest appellant and
had reason to believe he was inside his residence when they knocked on the
door.  Prior to making entry into appellant’s residence, the officers knocked,
announced loudly, and waited for a sufficient period of time.  See United States
v. Banks, 540 U.S. 31 (2003) (upholding a 15-to-20 second wait).  Under the
circumstances in this case, the trial court could have found that the officers
did not violate the Fourth Amendment’s knock-and-announce requirement.  

Furthermore,
a violation of the Fourth Amendment’s knock-and-announce rule does not require
suppression of the evidence.  Hudson v. Michigan, 547 U.S. 586 (2006); Wright
v. State, 253 S.W.3d 287 (Tex. Crim. App. 2008).  Pursuant to Hudson,
even if the officers in this case failed to wait a reasonable time after
knocking and announcing before entering appellant’s residence pursuant to the
warrant, the evidence discovered as a result of the entry was not subject to
suppression.  We hold that the trial court did not err in denying appellant’s
motion to suppress on Fourth Amendment grounds.  Appellant’s first issue is
overruled.  

In
the second issue, appellant contends that the money listed in the affidavit in
support of the search and arrest warrant was discovered during an illegal
search.  Nothing in the record suggests that the money was found during an
illegal search.  The affidavit indicates that, during the execution of the
arrest warrant, the money was observed lying on a dresser.  Appellant’s
contention is not supported by the record, and the issue is overruled.  

            In
his third issue, appellant complains that the affidavit in support of the
search warrant is insufficient to support the warrant.  A magistrate’s
determination to issue a search warrant is subject to the deferential standard
of review articulated in Illinois v. Gates, 462 U.S. 213 (1983), and Johnson
v. State, 803 S.W.2d 272 (Tex. Crim. App. 1990).  Swearingen v. State,
143 S.W.3d 808, 811 (Tex. Crim. App. 2004).  Under that standard, we must give
deference to a magistrate’s determination of probable cause and affirm that decision
if the affidavit demonstrates a substantial basis for concluding that a search
would uncover evidence of wrongdoing.  Id. at 810.  Our inquiry is
whether the affidavit contains sufficient facts, coupled with inferences from
those facts, to establish a fair probability that evidence of a particular
crime will likely be found at a given location.  Rodriguez v. State, 232
S.W.3d 55, 62 (Tex. Crim. App. 2007).  

The
affidavit in this case reflects that the affiant, Sergeant Aaron, had been a
licensed peace officer in the State of Texas for over ten years and had
investigated numerous felony drug offenses.  The affidavit reads in part as
follows:

[Y]our affiant has
received information from District Attorney Investigator Vance Hill of the 35th
Judicial District Attorney’s Office Who has been a commissioned peace officer
for the state of Texas for over ten years.  Investigator Vance Hill advised
affiant that on December 13, 2007 that while he along with other officers went
to the suspected place to serve a state indictment on the Suspected Parties for
the distribution of ecstasy.  Upon making entry into the suspected place Hill
observed marijuana laying in plain view on the coffee table and folded monies
lying on a dresser in the bedroom.  Hill identified both suspected parties as
living at the suspected place.  Affiant is aware that the Suspected Parties is
a known drug trafficker and has a criminal history for drug related offenses. 
Affiant believes additional marijuana or evidence of Possession of a controlled
substance exist.  

 

            The
information contained in Sergeant Aaron’s affidavit shows that an experienced
peace officer had just observed marihuana in plain view at the suspected place,
which was identified in the affidavit as appellant’s residence.  The magistrate
could reasonably have inferred from the affidavit that the experienced peace
officer was qualified to recognize marihuana when he saw it.  See Davis v.
State, 202 S.W.3d 149 (Tex. Crim. App. 2006) (upholding finding of probable
cause based on inference that officer who stated that he smelled an odor he
associated with the manufacture of methamphetamine was qualified to recognize
that odor).  We hold that the affidavit is sufficient to justify the magistrate’s
finding of probable cause.  Appellant’s third issue is overruled.  

The
judgments of the trial court are affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

September 2,
2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that appellant urged, and the trial court ruled
on, the motion to suppress in Cause No. CR19394 only and that appellant withdrew
his motion to suppress in Cause No. CR19395.  We also note that the cases were
subsequently joined for trial in a single criminal action.  See Tex. Health & Safety Code Ann. §
481.132 (Vernon 2010).