

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0025-12 & 0026-12

### THE STATE OF TEXAS

### v.

### MARK STEVEN BELL, Appellee

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**PER CURIAM.**

Appellee was employed by Simon Management Associates as the property manager for the Galleria Shopping Mall in Houston. He was charged with unauthorized discharge of industrial waste after a pressure-washing contractor allegedly discharged contaminated water while cleaning the Galleria Mall's underground parking garages. Appellee filed a motion to suppress evidence, which the trial judge granted after an evidentiary hearing.

According to the trial court's factual findings, Sheree Moore, the owner of a pressure-washing company who worked with police on investigating competing pressure-washing

companies, was acting as an agent of law enforcement when she entered the Galleria premises on November 1 and November 3, 2006. She entered the Galleria at a time when it was not open to the public and without the consent of its owner or its management company.

On both occasions, Ms. Moore, after entering without consent, then contacted Sgt. Walsh of the Houston Police Department and asked him to come to the Galleria "to conduct further criminal investigation." He did so. He arrived at approximately 5:50 a.m. on November 1st and 6:00 a.m. on November 3rd. He "did not have a warrant or other authority to enter or remain on the Galleria Premises. . . . [He] did not have consent to be on the Galleria Premises from Mark Bell, Simon Property Group, Inc., Mall Management, Mall Owner, or anyone else with authority to give consent for entry."[1]

Based upon these and other factual findings, the trial judge concluded that the two searches were improper under the Fourth Amendment because both Ms. Moore and Sgt. Walsh were trespassers upon the property at the time they entered, searched, and seized evidence from the Galleria premises.

The State appealed and, for the first time, raised the issue of appellee's standing to

---

[1] *See generally*, 78 A.L.R. 2d 246, *Nature of Interest In, or Connection With, Premises Searched As Affecting Standing to Attack Legality of Search.* Sgt. Walsh's report noted that appellee, on behalf of the management company, signed the contract for the power-washing contractor, and that "allegations of Bell's criminal conduct are based on the fact that Bell was in charge." Sgt. Walsh also discussed a meeting that he had in mid-November with appellee because appellee "was representing" Simon Management. The State agreed that "Appellee managed the Galleria premises for Simon Management." State's Brief on Direct Appeal at 16.

contest the search, arguing that appellee did not have a "reasonable expectation of privacy" in the closed Galleria parking lot. The court of appeals, in a per curiam opinion, agreed and reversed the trial judge's order. *State v. Bell*, 357 S.W.3d 683, 687 (Tex. App.–Houston [14th Dist.] 2011) ("[W]e conclude that appellee failed to establish any state or federal constitution privacy interest.").

We summarily grant appellee's petition for discretionary review and remand this case for further consideration in light of the United States Supreme Court's recent decision in *United States v. Jones*,[2] in which the Court reaffirmed the continued vitality of the property-based approach to the Fourth Amendment as an alternate to the more recent "expectation of privacy" approach.[3] The court of appeals, in concluding that Mr. Bell failed to establish his standing to contest the search of the closed parking lot because he did not have a "reasonable expectation of privacy" in that lot, did not have the benefit of the *Jones* case at the time it rendered its decision. The trial judge, perhaps anticipating *Jones*, based his findings of fact and conclusions of law upon the property-based approach of the Fourth Amendment, not the "reasonable expectation of privacy" approach. The court of appeals should have the opportunity to reanalyze the standing issue in the context of the property-based approach discussed in *Jones*.

---

[2] 132 S.Ct. 945 (2012).

[3] *Id.* at 949-50.

Accordingly, we grant appellee's petition for discretionary review, vacate the judgments of the court of appeals, and remand these cases to the court of appeals in light of *Jones*.

Delivered: May 23, 2012
Publish