

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00397-CV

BROOKE POWELL                                        APPELLANT AND APPELLEE

V.

CORI JO LONG                                         APPELLEE AND APPELLANT

----------

### FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 233-555238-14

----------

## MEMORANDUM OPINION[1] AND ORDER

----------

Brooke Powell and Cori Jo Long, both females, seek a divorce from their marriage that began in 2010 in New Hampshire. In September 2014, the trial court denied that relief and dismissed Powell's and Long's petitions for want of jurisdiction. Both parties appealed.

---

[1]See Tex. R. App. P. 47.4.

Following the submission of the appeal, the Supreme Court issued its landmark decision in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015). The Court held that states' laws restricting marriage to only opposite-sex couples violate the Fourteenth Amendment's guarantees of due process and equal protection. *See id.* at 2604–05. Moreover, the Court held that there is "no lawful basis for a [s]tate to refuse to recognize a lawful same-sex marriage performed in another [s]tate on the ground of its same-sex character." *Id.* at 2608.

Following the decision in *Obergefell*, Long filed a "Motion to Remand Case to Trial Court," contending that the effect of *Obergefell* is to erase any legal impediment to the trial court's granting a divorce in this case. Long represents that Powell does not oppose the motion.

When the trial court rendered its judgment, it did not have an opportunity to consider and apply the holding in *Obergefell*.[2] Therefore, in accordance with the unopposed motion to remand and to afford the trial court an opportunity to consider the impact of *Obergefell* on the relief requested by the parties, we grant Long's "Motion to Remand Case to Trial Court," reverse the trial court's judgment, and remand this case to the trial court for further proceedings. *See* Tex. R. App. P. 43.2(d), 43.3(a); *Andrews Cnty. v. Sierra Club*, No. 14-0214, 2015 WL 2148029, at *1 (Tex. May 8, 2015) (remanding a case to a court of

_____

[2]At a hearing in the trial court before the decision in *Obergefell*, the court recognized that the law could soon "support . . . Long's claim under the 14th Amendment."

2

appeals because after the court of appeals issued its opinion, the Texas Supreme Court issued an opinion that impacted issues in the case); *Mitchell v. Methodist Hosp.*, 335 S.W.3d 610, 610 (Tex. 2011) (remanding a case to a trial court under similar circumstances); *see also State v. Bell*, 366 S.W.3d 712, 713–14 (Tex. Crim. App. 2012) (vacating a court of appeals's judgment and remanding a case to that court for further consideration in light of a decision by the United States Supreme Court); *Wright v. State*, 253 S.W.3d 287, 288 (Tex. Crim. App. 2008) (remanding a case to a court of appeals so that it could have the benefit of considering a new United States Supreme Court decision).

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and SUDDERTH, JJ.

DELIVERED:  August 13, 2015

3