**Affirmed and Memorandum Opinion filed February 4, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00647-CR

### HORACE JOSEPH RANDOLPH II, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 458th District Court
Fort Bend County, Texas
Trial Court Cause No. 15-DCR-068193**

## M E M O R A N D U M   O P I N I O N

Appellant Horace Joseph Randolph II appeals his conviction for possession of marijuana. The trial court denied appellant's motion to suppress all evidence seized in connection with a search warrant police executed on a residence owned by someone other than appellant. According to appellant, the magistrate could not have found probable cause when issuing the search warrant, because the supporting affidavit was based on an unreliable anonymous tip and stale information. We conclude that the trial court did not err in denying appellant's

motion to suppress, because appellant lacked standing to challenge the lawfulness of the entry and search of the premises. We affirm the trial court's judgment.

## Background

The Missouri City Police Department ("MCPD") received an anonymous tip that a person residing at an address in Missouri City was using and selling marijuana. The tipster further identified appellant by name and stated that appellant drove a tan Chevy Tahoe with a hidden compartment in the dash and transported the drugs to various locations within Missouri City and to Houston. The tipster informed MCPD that another man, Anthony Watson, possibly was appellant's partner in the drug sales.

The following day, MCPD Detective M. Pait conducted surveillance at the Missouri City house identified by the anonymous tipster. Detective Pait observed a tan Chevy Tahoe that was registered to Watson. Detective Pait then looked up appellant in the Texas Department of Public Safety database and discovered that Watson and appellant shared the same address in Houston. Appellant's and Watson's Houston address was different than the Missouri City residence to which the anonymous tipster alerted MCPD. The Missouri City residence was a rental property whose listed owner was neither appellant nor Watson. Detective Pait was unable to ascertain the current lessee.

Detective Pait conducted surveillance again at the Missouri City residence. Detective Pait observed a trash can located in front of the residence near the street. Other neighborhood residents placed their trash cans on the curb in a similar manner. Detective Pait took the trash from the trash can outside the Missouri City residence under surveillance and processed it for any contraband. The trash included a small amount of a leafy green substance that testing revealed to be marijuana, as well as several stems from a marijuana plant. The trash also

2

included a receipt for a cell phone. The cell phone number on the receipt matched a phone number given by the anonymous tipster as belonging to appellant.

A few days later, Detective Pait saw mail, some of which was addressed to the residence's owner and some of which was addressed to appellant, in the mailbox of the Missouri City residence.

Detective Pait conducted surveillance for a third time at the Missouri City residence. Detective Pait again observed trash located in front of the residence near the street and took the trash to be processed. The trash included several vacuum-sealed bags that contained marijuana.

Finally, Detective Pait learned that appellant and Watson had criminal histories for unlawful possession of a firearm by a felon, assault on a public servant, resisting an officer, tampering with evidence, and seven combined counts of narcotics violations.

Detective Pait swore to the above facts in an affidavit, which the State then presented to a magistrate in order to obtain a search warrant for the Missouri City residence. The magistrate found that probable cause existed and issued the search warrant. MCPD executed the search warrant, seized more than five pounds but less than fifty pounds of marijuana from the residence, and arrested appellant, who was present in the residence at the time of the search.

A Fort Bend County grand jury indicted appellant on the charge of possession of marijuana in an amount greater than five pounds but less than fifty pounds.[1] Appellant filed a motion to suppress all evidence seized by law enforcement officers in connection with executing the search warrant that led to

---

[1] *See* Tex. Health & Safety Code § 481.121(a), (b)(4).

confiscation of the drugs and appellant's arrest. The trial court denied the motion to suppress and filed written findings of facts and conclusions of law.

Appellant pleaded guilty but reserved his right to appeal the trial court's ruling on his motion to suppress. Per a plea bargain between appellant and the State, the trial court sentenced appellant to five years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant timely appealed.

## Analysis

Appellant challenges his conviction in three issues, all relating to his motion to suppress. According to appellant, the trial court erred in denying his motion because: (1) there was no basis upon which the magistrate could have found the anonymous tipster's information credible or reliable; (2) the information relied upon by the magistrate to determine whether there was probable cause to issue the search warrant had become stale; and (3) the search warrant relied upon stale information and an anonymous tip unsupported by any indication that it was credible or reliable. All three issues are premised on a single theory: that the magistrate who issued the search warrant could not have found probable cause from Detective Pait's affidavit, the resulting search was therefore illegal, and all evidence seized in connection with the search should have been suppressed.

As a threshold matter, we address whether appellant had standing to challenge the lawfulness of the search. In order to challenge a search and seizure under the United States Constitution, the Texas Constitution, or the Texas Code of Criminal Procedure, a party must first establish standing.[2] *See Pham v. State*, 324

---

[2] Appellant argued in the trial court that his rights were violated under "the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and under Article 38.23 of the Texas Code of Criminal Procedure."

4

S.W.3d 869, 874 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996)); *see also Foreman v. State*, 561 S.W.3d 218, 231 (Tex. App.—Houston [14th Dist.] 2018, pet. granted). A defendant who challenges the search has the burden to establish standing. *See State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013); *Villarreal*, 935 S.W.2d at 138.

Standing in this context is an individual's right to complain about an allegedly illegal government intrusion. *Pham*, 324 S.W.3d at 874; *see also State v. Huse*, 491 S.W.3d 833, 839 (Tex. Crim. App. 2016) (""Under the Fourth Amendment, '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]'") (quoting U.S. Const. amend. IV). Fourth Amendment rights are personal rights, which may not be asserted vicariously. *Huse*, 491 S.W.3d at 839. "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois*, 439 U.S. 128, 134 (1978).

Standing is a question of law that may be raised by a party for the first time on appeal or by this court sua sponte. *See Kothe v. State*, 152 S.W.3d 54, 60 (Tex. Crim. App. 2004). A "reviewing court may properly sustain the trial court's denial [of a motion to suppress] on the ground that the evidence failed to establish standing as a matter of law, even though the record does not reflect that the issue

---

Appellant did not explain the relevance of the Fifth, Sixth, and Fourteenth Amendments, nor has he provided any argument or authority in the trial court or this court that the Texas Constitution or the Code of Criminal Procedure offers him greater protection than the United States Constitution with regard to the issues raised by the motion to suppress. We therefore analyze this case under Fourth Amendment jurisprudence. *See Williams v. State*, 502 S.W.3d 254, 258 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

was ever considered by the parties or the trial court." *Wilson v. State*, 692 S.W.2d 661, 671 (Tex. Crim. App. 1984) (op. on reh'g); *see also State v. Klima*, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996). "Although we defer to the trial court's factual findings and view them in the light most favorable to the prevailing party, we review the legal issue of standing de novo." *Kothe*, 152 S.W.3d at 59.

A defendant may establish standing through an expectation-of-privacy approach or an intrusion-upon-property approach. *See State v. Bell*, 366 S.W.3d 712, 713 (Tex. Crim. App. 2012) (citing *United States v. Jones*, 565 U.S. 400 (2012)); *Williams v. State*, 502 S.W.3d 254, 258 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Under an expectation-of-privacy theory, we consider whether (1) appellant, by his conduct, has exhibited an actual, subjective expectation of privacy; and (2) appellant's expectation of privacy is recognized by society as reasonable or legitimate under the circumstances. *See Long v. State*, 535 S.W.3d 511, 528-29 (Tex. Crim. App. 2017). The Court of Criminal Appeals has not yet addressed what legal standard should be applied in determining whether a defendant has standing to contest that a search was unreasonable under an intrusion-upon-property theory. *Williams*, 502 S.W.3d at 260. This court has analyzed standing under an intrusion-upon-property theory using the standard applicable to the reasonable-expectation-of-privacy theory. *Id.* at 261. This court has alternatively analyzed standing using a narrower standard: "whether [a defendant] had a sufficient proprietary or possessory interest in the place or object searched." *Id.*

In this case, the State argues, and we agree, that appellant failed to prove that he had standing to challenge the admission of evidence seized in connection with MCPD's search of the Missouri City residence, regardless of whether the magistrate had probable cause to issue the warrant. Appellant did not offer any

evidence whatsoever to demonstrate that he had a reasonable expectation of privacy or a sufficient proprietary or possessory interest in the Missouri City residence. Neither side introduced evidence at the suppression hearing, nor did any witness testify. According to Detective Pait's affidavit in support of the search warrant, the Missouri City residence was a rental property not owned by appellant, and appellant's "listed address" was a different address in Houston. *See State v. Granville*, 423 S.W.3d 399, 406 (Tex. Crim. App. 2014) ("A defendant normally has 'standing' to challenge the search of places and objects that he owns."). In sum, appellant presented no evidence that he owned, resided at, or was an invited visitor to the residence; thus, no evidence exists that appellant exhibited an actual, subjective expectation of privacy in the residence or that appellant had a sufficient proprietary or possessory interest in the property.

On this record, appellant did not meet his burden to show that he had standing to challenge the lawfulness of the search of the Missouri City residence. *See Castillo v. State*, No. 14-16-00296-CR, 2017 WL 4844481, at *5 (Tex. App.—Houston [14th Dist.] Oct. 26, 2017, no pet.) (mem. op., not designated for publication); *Morales v. State*, No. 02-17-00130-CR, 2018 WL 2346708, at *2 (Tex. App.—Fort Worth May 24, 2018, no pet.) (mem. op., not designated for publication); *see also Garza v. State*, 705 S.W.2d 818, 820 (Tex. App.—San Antonio 1986, no pet.) (concluding that defendant failed to establish that he had standing when appellant did not testify during suppression hearing and there was no evidence that he had an ownership or possessory interest in the property searched).

For this reason, we conclude that the trial court did not err in denying appellant's motion to suppress. We overrule all three of appellant's issues.

## Conclusion

We affirm the trial court's judgment.

/s/    Kevin Jewell
        Justice

Panel consists of Justices Wise, Jewell, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).