**Harold BIGGS, Individually and as Executor of the Estate of Cheri Jean Wells Biggs, Deceased, Branden Wells, and Cher Biggs, Appellants,**

v.

**BAYLOR UNIVERSITY MEDICAL CENTER, Edmund Sanchez, M.D., and Srinath Chinnakotla, M.D., Appellees.**

No. 05–09–00430–CV.

Court of Appeals of Texas, Dallas.

March 31, 2011.

---

Jeffrey H. Kobs, The Law Offices of Jeffrey H. Kobs, Fort Worth, TX, for Appellants.

Derek S. Davis, Michelle E. Robberson, Cooper & Scully, P.C., Michael A. Yanof, Stinnett, Thiebaud & Remington, L.L.P., Dallas, TX, for Appellees.

Before Justices BRIDGES, FRANCIS, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

This is the second appeal regarding expert reports in a lawsuit filed by surviving family members of Cheri Jean Wells Biggs, who died from the transplantation of a rabies-infected kidney. In this second appeal, the family appeals from the trial court's order dismissing with prejudice their claims against appellees Baylor University Medical Center, Edmund Sanchez, M.D., and Srinath Chinnakotla, M.D. (collectively, defendants). On appeal, the family argues that the trial court abused its discretion when it denied the family's request for a 30–day extension pursuant to civil practice and remedies code section 74.351(c) to cure deficiencies in the family's chapter 74 reports. We agree. We reverse the trial court's order and remand this case to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

The factual background and previous procedural background are explained in our opinion in the prior interlocutory appeal, *Baylor University Medical Center v. Biggs*, 237 S.W.3d 909 (Tex.App.-Dallas 2007, pet. denied) (hereinafter *"Biggs I"*). In *Biggs I*, defendants appealed the denial of their motions to dismiss and argued that the trial court erred in denying their motions because the family's expert reports were not sufficient to meet the requirements of chapter 74. *See Biggs I*, 237 S.W.3d at 913. We analyzed the family's chapter 74 reports in detail and concluded that the reports were deficient under chapter 74. *Id.* at 917–23. But ·we declined defendants' request that we render judgment dismissing the family's claims with prejudice and instead remanded the case to the trial court for it to consider the family's prior request for a 30–day extension, pursuant to civil practice and remedies code section 74.351(c), to cure any deficiencies in the reports. *Id.* at 919–20, 923.[1] After we issued our opinion in the interlocutory appeal, defendants filed a petition for review in the supreme court arguing that we erred in remanding for consideration of a section 74.351(c) extension.

The supreme court denied the petition for review.

When the case was remanded to the trial court, defendants filed a combined response to the family's request for an extension under section 74.351(c), in which defendants argued that the trial court should deny the family's request, dismiss the case, and award defendants reasonable attorneys' fees. After conducting a status conference and a hearing concerning the family's request for an extension, the trial court signed an order denying the extension, dismissing the family's claims with prejudice, and ordering the family to pay defendants $241,545 for attorneys' fees and costs of court. The trial court did not state a basis for its order denying the extension. The family appealed.

## ISSUE ON APPEAL

In a single issue, the family argues that the trial court abused its discretion when it denied their request for a 30–day extension under section 74.351(c) because there was "no basis" for the trial court to deny the request.

## ANALYSIS

The family requested an extension pursuant to section 74.351(c), which states in pertinent part as follows:

---

1. Other courts that have likewise concluded on appeal that timely filed reports were not sufficient to meet the requirements of chapter 74 although the trial courts concluded they were sufficient have also remanded to the trial courts to allow those court to consider plaintiffs' requests for an extension to cure a timely filed report. *See Haddad v. Marroquin*, No. 13–07–00014–CV, 2007 WL 2429183, at *6 (Tex.App.-Corpus Christi Aug. 29, 2007, pet. denied) (mem. op.) ("[W]e conclude that it would be inappropriate to dismiss [the plaintiff's] claims with prejudice, as requested by [the defendants]. The report is deficient, but it was timely filed.") (internal citations omitted); *Austin Heart, P.A. v. Webb*, 228 S.W.3d 276, 283–85 (Tex.App.-Austin 2007, no pet.) (declining to render judgment dismissing plaintiff's claims and instead remanding case to trial court because, although report was deficient, "the circumstances here are not similar to the situation where a plaintiff simply has missed the deadline for serving a report with respect to the conduct of a physician"); *Valley Baptist Med. Ctr. v. Gonzales*, No. 13–06–00371–CV, 2007 WL 416536, at *4 (Tex.App.-Corpus Christi Feb. 8, 2007, no pet.) (mem. op.) ("Although we have sustained the issues raised on appeal, we conclude that it would be inappropriate to dismiss [the plaintiff's] claims with prejudice, as requested by [the defendant]. The reports were deficient, but they were timely filed."). There is no subsequent history in these cases indicating that the trial courts denied the requested extension on remand.

If an expert report has not been served within the period specified by [section 74.351(a)] because elements of the report are found deficient, the court may grant one 30–day extension to the claimant in order to cure the deficiency.

TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(c) (West Supp.2010). A trial court may grant an extension under section 74.351(c) when, as in this case, a trial court initially decides that a report is sufficient but an appellate court later disagrees. *See Leland v. Brandal,* 257 S.W.3d 204, 205 (Tex.2008) ("We hold that when elements of a timely filed expert report are found deficient, either by the trial court or on appeal, one thirty-day extension to cure the report may be granted.").

■ The parties do not cite, and we have not found, another case like this one—in which a trial court initially found a timely report sufficient to meet the requirements of chapter 74, but later denied an extension to cure after the case was remanded by an appellate court.[2] To support its argument that the trial court abused its discretion by denying the extension in this case, the family cites the following statement from Justice Brister's dissenting opinion in *Leland:*

The Court remands so the trial court can consider granting an extension, but that is a foregone conclusion—any self-respecting trial judge who found the first report sufficient would feel compelled on remand to find the same report was a good faith effort.

*Leland,* 257 S.W.3d at 210 (Brister, J., dissenting). That statement is consistent with the general notion that section 74.351's requirements were designed to weed out frivolous claims, not to preclude meritorious claims. *See, e.g., id.,* 257 S.W.3d at 208 ("In enacting section 74.351, the Legislature struck a careful balance between eradicating frivolous claims and preserving meritorious ones[.]"). In this case, when the trial court initially denied defendants' motions to dismiss, it implicitly overruled defendants' objections to the adequacy of the family's reports. In order to initially deny defendants' motion to dismiss, the trial court necessarily concluded that the family's claims are not frivolous. *See generally Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex.2002) (per curiam) (expert report meets requirements of chapter 74 if it (1) informs defendant of conduct called into question and (2) provides a basis for trial court to determine claims have merit).

In the trial court, defendants argued that the family was not entitled to an extension because the reports were so deficient that they were equivalent to "no report." To support their argument, defendants relied on two cases. First, defendants relied on this Court's opinion in *Biggs I,* in which we concluded that the reports were deficient. *See Biggs I,* 237 S.W.3d at 917–23. We did not conclude in *Biggs I,* however, that the family's reports

2. Defendants cite generally to the following cases in which other courts of appeals have upheld the trial court's decision to deny a request pursuant to section 74.351(c) seeking a 30-day extension to cure deficiencies: *Mitchell v. Methodist Hospital,* 01–08–00898–CV, 2009 WL 5174186, at *8 (Tex.App.-Houston [14th Dist.] Dec. 31, 2009) (mem. op.), *rev'd,* 335 S.W.3d 610 (Tex.2011) (per curiam); *Ledesma v. Shashoua,* No. 03–05–00454–CV, 2007 WL 2214650, at *8 (Tex. App.-Austin Aug. 3, 2007, pet. denied) (mem. op.); *Meyers v. Golden Palm Health & Retirement Center, Inc.,* No. 13–06–00289–CV, 2007 WL 1500819, at *6 (Tex.App.-Corpus Christi May 24, 2007, pet. denied) (mem. op.); *Bosch v. Wilbarger General Hospital,* 223 S.W.3d 460, 465–66 (Tex.App.-Amarillo 2006, pet. denied); *Hardy v. Marsh,* 170 S.W.3d 865, 870–71 (Tex.App.-Texarkana 2005, no pet.). In all of those cases, however, the trial courts did not initially conclude that the reports were sufficient and later deny the requested extension on remand.

were the equivalent of "no report."[3] By expressly permitting an extension to cure when "elements" are found deficient, the statute contemplates that an extension may be warranted to cure more than one deficiency. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(c).

Defendants also relied on *Bogar v. Esparza*, 257 S.W.3d 354 (Tex.App.-Austin 2008, no pet.). But *Bogar* is distinguishable. In *Bogar*, the appellate court concluded that the report at issue was "no report" as to the defendant physician because it was essentially a second autopsy report by a pathologist reiterating that the patient died as the result of a drug overdose without explaining who caused it or how. *See id.* at 364–68. Also, the appel-

late court "render[ed] a judgment of dismissal." *See id.* at 373. In contrast, in this case we did not conclude that the family's reports were "no report" as to defendants, and we expressly declined to render judgment dismissing the family's claims. As a result, *Bogar* does not support the trial court's decision to deny the requested extension in this case.[4]

After this appeal was briefed and submitted, the Texas Supreme Court issued its judgment and four corresponding opinions in *Samlowski v. Wooten*, 332 S.W.3d 404 (Tex.2011). Each of the opinions in *Samlowski* reiterated that a central purpose of chapter 74 is to help trial courts eliminate frivolous claims while preserving potentially meritorious claims.[5] To further

---

3. This Court has repeatedly declined to conclude that a timely filed expert report was so deficient as to constitute no report at all. *See Bakhtari v. Estate of Dumas*, 317 S.W.3d 486, 491–92 (Tex.App.-Dallas 2010, no pet.); *Fagadau v. Wenkstern*, 311 S.W.3d 132, 135–37 (Tex.App.-Dallas 2010, no pet.); *Patel v. Michell*, No. 05–08–01666–CV, 2009 WL 3353633, at *1 (Tex.App.-Dallas Oct. 20, 2009, pet. denied) (mem. op.); *Cook v. Spears*, 275 S.W.3d 577, 580–82 (Tex.App.-Dallas 2008, no pet.); *see also Petty v. Churner*, 310 S.W.3d 131, 136–38 (Tex.App.-Dallas 2010, no pet.) (noting Texas Supreme Court has not recognized "no report" category of reports, and, even if it existed, "it is clear that it would be extremely limited" and "would in all likelihood need to 'bear no resemblance to Chapter 74's definition of an expert report,' 'not purport to have any relationship to a health care liability or malpractice case,' or contain 'none of the statutorily prescribed contents'") (citing *In re Watkins*, 279 S.W.3d 633, 635, 639 (Tex.2009) (Jefferson, C.J., concurring), and *Lewis v. Funderburk*, 253 S.W.3d 204, 211 (Tex.2008) (Willett, J., concurring)).

4. On appeal, defendants also argue that the record supports the trial court's decision because the family already "had every opportunity to supplement their reports." More specifically, defendants appear to contend that the family was not entitled to an extension under 74.351(c) because it already sup-

plemented its reports within the 120–day deadline under section 74.351(a), and the supplemental reports "did not cure the deficiencies." This argument, however, has already been rejected by the Texas Supreme Court in *Leland*:

> Leland further argues that, because the Brandals already took the opportunity to supplement their reports in response to Leland's objections, the purpose of [74.351] subsection (c) was met and the Brandals are not entitled to an additional extension. We disagree. The plain language of subsection (c) provides for an extension to cure when elements of a report have been *found* deficient. Tex. Civ. Prac. & Rem.Code Ann. § 74.351(c). Section 74.351 does not state or imply that a plaintiff forfeits the possibility of obtaining a thirty-day extension to cure by timely responding to a defendant's specific objections before the court has an opportunity to rule on a defendant's motion to dismiss.

*Leland*, 257 S.W.3d at 208 (emphasis in original).

5. *Samlowski*, 332 S.W.3d at 410 (Medina, J.) ("A core purpose of this legislation was to identify and eliminate frivolous health care liability claims expeditiously, while preserving those of potential merit."); *id.* at 414 (Guzman, J., concurring) ("One stated purpose of section 74.351 is to 'reduce excessive frequen-

the goal of preserving potentially meritorious claims, a majority of the court also announced, for the first time, that trial courts should err on the side of granting extensions under section 74.351(c). In her concurring opinion, Justice Guzman, joined by Justice Lehrmann, explained,

> In order to preserve the highest number of meritorious claims, trial courts should err on the side of granting claimants' extensions to show the merits of their claims. The price of preserving a meritorious claim will be thirty days, compared to a much higher price of dismissal.[6]

And Justice Medina, joined by Chief Justice Jefferson and Justice Hecht, agreed with Justice Guzman:

> I[ ] agree with Justice Guzman's view that "trial courts should err on the side of granting claimants' extensions to show the merits of their claims." [ ] The

right answer in many cases will be for the trial court to grant one thirty-day extension upon timely request and be done with it.[7]

A majority of the court also agreed that a trial court's discretion under section 74.351(c) is not unfettered or limitless.[8] A majority of the court did not agree, however, on exactly what criteria a trial court should use when deciding whether to grant an extension under section 74.351(c), or what criteria appellate courts should use when reviewing a trial court's exercise of its discretion. A majority of the court did appear to agree, however, that in order to successfully argue on appeal that a trial court abused its discretion by denying an extension to cure under section 74.351(c), a claimant must demonstrate, or the record must establish, that the defects in the report could be cured.[9]

cy and severity of health care liability claims.' The expert report requirement helps accomplish this purpose by providing a basis for the trial court to determine a claim has merit.") (internal citation omitted); *id.* at 416 (Wainwright, J., dissenting in part and concurring in judgment) ("The requirement to serve an expert report from a qualified health care expert on defendant health care providers within 120 days of filing suit is intended to cull out at an early stage of the litigation medical malpractice claims that have not been shown to have merit."); *id.* at 422 (Johnson, J., dissenting) ("Part of the purpose of requiring an expert report in health care liability suits is to remove unwarranted delays and the attendant litigation expense involved in disposing of non-meritorious claims.").

6. *Id.* at 416.

7. *Id.* at 411–12.

8. *Id.* at 409 (Medina, J.) (disagreeing with defendant's suggestion "that trial court discretion in this instance is absolute"); *id.* at 414 (Guzman, J., concurring) ("If a trial court finds an expert report deficient, it 'may' grant one thirty-day extension to cure the report.

This statutory authority is couched in permissive terms, but it is not unfettered. While 'may' gives a trial court discretion, discretionary decisions must not be arbitrary or unreasonable and must be made with reference to guiding principles.") (internal citations omitted); *id.* at 422 (Johnson, J., dissenting) ("[A] trial court's discretion should not be unlimited pursuant to the permissive 'may' in section 74.351(c). Section 74.351(c) requires the court to exercise sound discretion under all the facts and circumstances of the case, including the language and purpose of Chapter 74.").

9. *Id.* at 411 (Medina, J.) ("[A] claimant's mere assertion or belief that it could have been cured with an extension of time does not demonstrate an abuse of discretion under section 74.351(c). When the trial court denies a motion to cure, the claimant must make a record that demonstrates the deficiency would have been cured."); *id.* at 423 (Johnson, J., dissenting) ("[T]he trial court's discretionary refusal to grant an extension will not ordinarily be an abuse of discretion unless the record conclusively shows that the report would have been timely cured if an extension had been granted.").

In light of the trial court's earlier ruling in this case, combined with the new opinions in *Samlowski* providing guidance regarding section 74.351(c) and indicating that trial courts should err on the side of granting extensions, we conclude that the trial court abused its discretion when it denied the family's requested extension. As a result, we reverse the trial court's order denying the extension, dismissing the family's claims with prejudice, and awarding attorneys' fees to defendants. And in light of the various new criteria for the exercise of the trial court's discretion outlined in *Samlowski,* we remand this case to the trial court in the interest of justice for further proceedings consistent with this opinion. *See* TEX.R.APP. P. 43.3(b).

## CONCLUSION

We reverse the trial court's order and remand this case to the trial court for further proceedings consistent with this opinion.