**REVERSE and REMAND; and Opinion Filed December 7, 2017.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-17-00332-CV

**DEBBIE WHEELER, INDIVIDUALLY AND AS THE
REPRESENTATIVE OF THE ESTATE OF LARRY J. WHEELER,
KIM ADAMS, AND KRISTIE STEWART, Appellants**

**V.**

**METHODIST RICHARDSON MEDICAL CENTER AND
METHODIST HEALTH SYSTEM FOUNDATION, Appellees**

**On Appeal from the 416th Judicial District Court
Collin County, Texas
Trial Court Cause No. 416-01327-2016**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Boatright
Opinion by Justice Lang-Miers

In this health care liability case, the trial court dismissed the claims without granting appellants a thirty-day extension to cure deficiencies in their expert reports because the initial reports did not contain any opinion regarding causation. We conclude that the trial court abused its discretion, and we reverse and remand.

### BACKGROUND

Larry J. Wheeler was admitted to Methodist Richardson Medical Center and was diagnosed with narrowing of a carotid artery and occlusion of a coronary artery. He subsequently underwent surgery on a carotid artery and coronary surgery. After surgery and the

removal of mechanical ventilation, Larry Wheeler suffered from lack of oxygen to the brain. Ultimately, the family decided to remove him from ventilator support. He died the following day.

Debbie Wheeler, individually and as the representative of the estate of Larry J. Wheeler, Kim Adams, and Kristie Stewart (Wheeler Parties) sued Methodist Richardson Medical Center, Methodist Health System Foundation (Methodist Parties), and Jose A. Gutierrez, M.D.[1] under the wrongful death and survival statutes, asserting claims of medical negligence and gross negligence against all three defendants and respondeat superior against the Methodist Parties.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.001–.011, 71.021 (West 2008) (wrongful death and survival statutes).

The Wheeler Parties alleged that the Methodist Parties were negligent "in that the nurses failed to institute a number of interventions . . . to correct the critically low oxygen saturations[,]"[3] that they should be liable under the doctrine of respondeat superior, and that their negligent acts caused Larry Wheeler's injuries, death, and damages.

The Wheeler Parties timely filed and served expert reports from Jay S. Ellis Jr., M.D. and Claudia Estrada, R.N.[4] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West Supp. 2016); *see also id.* § 74.351(i) (providing a claimant may satisfy the requirement of serving an expert report by "serving reports of separate experts").

---

[1] Gutierrez is not a party to this appeal.

[2] The Wheeler Parties asserted the claim of respondeat superior against Methodist Richardson Medical Center "and/or" Methodist Health System Foundation. The Wheeler Parties acknowledged that each of the Methodist Parties is a "health care provider" as defined in Chapter 74 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(12) (West Supp. 2016).

[3] They also alleged that Gutierrez breached the standard of care in providing medical care and treatment to Larry Wheeler by "failing to adequately verify that the endotracheal tube placed in Mr. Wheeler was in the trachea and not in the esophagus as the chest x-ray proved."

[4] No party contends that the reports were not timely. *See id.* § 74.351(a) (requiring a claimant to serve an expert report not later than 120 days after the date a defendant's original answer is filed).

The Methodist Parties filed objections to both reports.[5] Among other objections, the Methodist Parties contended that Ellis's original report did not "meet the minimum standards set forth by the Texas Supreme Court" because it did not "address in any manner either" that the Wheeler Parties' "claim against Methodist is meritorious" or "how Methodist's conduct caused the injuries suffered by Mr. Wheeler." They argued that the report "must be considered no report at all."

The Wheeler Parties requested that, if the trial court concluded that any element of their expert reports was insufficient, the trial court grant them a thirty-day extension to cure the reports. The Wheeler Parties argued that, "[a]lthough Dr. Ellis's initial report does not address causation as to [Methodist] and its staff, one missing element does not cause two reports to become no report" but, instead, "prompts the Court to ask, as required by Scoresby [sic], whether the report's deficiencies are curable." *See Scoresby v. Santillan*, 346 S.W.3d 546, 549 (Tex. 2011). They argued that when a deficient expert report is curable, under the Texas Supreme Court precedents of *Scoresby* and *Ogletree v. Matthews*, 262 S.W.3d 316, 320–21 (Tex. 2007), "the statute's extension is not only available, but virtually mandatory when requested." The Wheeler Parties attached Ellis's amended report to their brief concerning the thirty-day extension, contending that it addressed causation and demonstrated that the deficiency in his previous report is curable. The Methodist Parties also objected to the amended report on the grounds that Ellis did not adequately establish his qualifications in the amended report and the report was insufficient and conclusory.

---

[5] Gutierrez also filed objections to Ellis's report. He argued that the Wheeler Parties had no right to an extension to supplement the expert reports because the reports were "wholly conclusory as to the essential element of causation and therefore cannot constitute a good faith effort under Section 74.351." The Wheeler Parties argued that, notwithstanding Gutierrez's objections, the expert reports satisfied the requirements of Chapter 74. They also requested that, if the trial court found the reports to be insufficient, the court grant them a thirty-day extension to cure any deficiency in the reports. The trial court overruled Gutierrez's objections.

The trial court sustained the Methodist Parties' objections to Ellis's and Estrada's original reports and concluded that "the documents served by" the Wheeler Parties "do not meet the essential elements required of an expert report as that term is defined pursuant to Chapter 74[.]" The order stated that "[s]pecifically, there is no report that addresses the required element of causation as it pertains to" the Methodist Parties. The trial court concluded that "[t]he absence of an essential element amounts to no report" and ordered the claims alleged against the Methodist Parties dismissed with prejudice. The trial court did not make any determinations about the amended report.

The Wheeler Parties filed this interlocutory appeal challenging the trial court's order granting the motion to dismiss.

### STANDARD OF REVIEW

We review a trial court's decision to dismiss a health care liability claim and its decision concerning the denial of an extension under section 74.351(c) for an abuse of discretion. *See Samlowski v. Wooten*, 332 S.W.3d 404, 408 n.2 (Tex. 2011) (plurality op.); *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006) (per curiam). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Bakhtari v. Estate of Dumas*, 317 S.W.3d 486, 490 (Tex. App.—Dallas 2010, no pet.). A trial court does not abuse its discretion merely because it decides a discretionary matter differently than an appellate court might have decided the matter. *Baylor Univ. Med. Ctr. v. Biggs*, 237 S.W.3d 909, 916 (Tex. App.—Dallas 2007, pet. denied). A trial court has no discretion, however, in determining what the law is or in applying the law to the facts. *Id.* A clear failure by the trial judge to analyze or apply the law correctly will constitute an abuse of discretion. *Id.*

Section 74.351 of the civil practice and remedies code requires a claimant in a health care liability claim to serve the defendant or its attorney with an expert report no later than 120 days after the defendant files its original answer. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). An expert report constitutes "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *Id.* § 74.351(r)(6). Section 74.351(c) also provides:

> If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency.

*Id.* § 74.351(c).

In *Scoresby*, 346 S.W.3d at 549, 557, the Supreme Court of Texas concluded that an expert report was deficient, in part because it did not state the standard of care, but that it nevertheless met the "lenient standard" for an extension to cure deficiencies in the report. As a result, the supreme court held that the trial court's order allowing thirty days to cure the deficiencies and denying the defendants' motions to dismiss was not appealable and affirmed the court of appeals' judgment dismissing the appeal for want of jurisdiction. *Id.* at 549; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (West Supp. 2017) (stating "that an appeal may not be taken from an order granting an extension under Section 74.351"). The court stated that the trial court should "err on the side of granting additional time and must grant it if the deficiencies are curable." *Scoresby*, 346 S.W.3d at 549. The court said that "[t]he purpose of the expert report requirement is to deter frivolous claims, not to dispose of claims regardless of their

merits." *Id.* at 554. And the court stated that "[a]n inadequate expert report does not indicate a frivolous claim if the report's deficiencies are readily curable." *Id.* at 556. The court concluded,

> [A] thirty-day extension to cure deficiencies in an expert report may be granted if the report is served by the statutory deadline, if it contains the opinion of an individual with expertise that the claim has merit, and if the defendant's conduct is implicated. We recognize that this is a minimal standard, but we think it is necessary if multiple interlocutory appeals are to be avoided, and appropriate to give a claimant the opportunity provided by the Act's thirty-day extension to show that a claim has merit. All deficiencies, whether in the expert's opinions or qualifications, are subject to being cured before an appeal may be taken from the trial court's refusal to dismiss the case.

*Id.* at 557. The court stated that the report in *Scoresby* "easily meets this standard" even though the report did not state the standard of care. *Id.*

**ANALYSIS**

The Methodist Parties argued below and the Wheeler Parties conceded that neither of the Wheeler Parties' original expert reports contained an opinion on causation. The trial court dismissed the claims without granting the Wheeler Parties a thirty-day extension to cure the deficiencies.

Applying *Scoresby*'s standards here, the Wheeler Parties argue that the trial court abused its discretion by dismissing their claims and impliedly denying them a thirty-day extension to amend their expert reports. The Methodist Parties argue to the contrary, contending that this Court in *Hollingsworth v. Springs*, 353 S.W.3d 506, 523–24 (Tex. App.—Dallas 2011, no pet.), held that, where the expert report did not discuss causation on two of the claims, the report was not eligible for an extension. They argue that, applying *Hollingsworth*, the Wheeler Parties were not entitled to an extension because Ellis's report does not address the required element of causation. We disagree.

We concluded in *Hollingsworth* that extensions may not be granted if any expert report "is 'absent' as opposed to deficient." *Id.* at 524. In doing so, we relied on Justice Wainright's

–6–

separate dissenting and concurring opinion in *Samlowski v. Wooten*, 332 S.W.3d 404, 417–18 (Tex. 2011) (Wainright, J., dissenting and concurring), and stated, "If an expert report fails to address all required elements of a claim, the trial court may not consider an extension."[6] *Hollingsworth*, 353 S.W.3d at 524. But the majority opinion in *Scoresby*, 346 S.W.3d at 549, 556–57, was decided several months after the plurality opinion in *Samlowski*, and *Scoresby* controls the issue here. Like these reports, the expert report in *Scoresby* was deficient because it did not include an element that was required in an expert report under section 74.351(r)(6). *Id.* at 557; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6). Nevertheless, the *Scoresby* court concluded that the report "me[t] th[e] test" to qualify as an expert report. *Scoresby*, 346 S.W.3d at 549.

The Methodist Parties also argue that, although the trial court had discretion to decide whether to grant the extension to amend Ellis's report, it was not obligated to exercise its discretion to grant an extension. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c) (providing "the court may grant one [thirty] day extension"); *Scoresby*, 346 S.W.3d at 557 (stating "that a thirty-day extension to cure deficiencies in an expert report may be granted"); *id.* at 558 (Willett, J., concurring) (describing "deficient-report cases (where an extension is discretionary) and no-report cases (where dismissal is mandatory)"). But the *Scoresby* court characterizes the standards for granting an extension as "minimal" and "lenient." *Scoresby*, 346 S.W.3d at 549, 557. And *Scoresby* states that the plaintiff should be given an opportunity to cure a deficiency if it is possible to do so. *Id.* at 549.

---

[6] The Methodist Parties contend that, in *Patterson v. Ortiz*, 412 S.W.3d 833, 838–39 (Tex. App.—Dallas 2013, no pet.), "this Court again examined the issue of sufficiency of an expert report's causation element for purposes of an extension under Section 74.351(c)" and "analyzed its holding in *Hollingsworth* in relation to a more thorough expert report, and tightened the applicability of the *Hollingsworth* holding." But *Patterson*'s discussion of *Hollingsworth* concerned whether an expert report sufficiently addressed causation, not the issue before us here: whether the trial court should have granted a motion to extend to cure a deficiency in an expert report under section 74.351(c). *Id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c).

Consequently, applying *Scoresby*, we conclude that the Wheeler Parties satisfied this "minimal" and "lenient" standard and that the trial court abused its discretion by granting the motion to dismiss without granting the Wheeler Parties an opportunity to cure the deficiency in accordance with the supreme court's decision in *Scoresby*. *See id.* ("[A]n opinion's inadequacies are deficiencies the plaintiff should be given an opportunity to cure if it is possible to do so."); *Biggs v. Baylor Univ. Med. Ctr.*, 336 S.W.3d 854, 860 (Tex. App.—Dallas 2011, pet. denied) (noting "*Samlowski* provid[es] guidance regarding section 74.351(c) and indicat[es] that trial courts should err on the side of granting extensions").[7]

We sustain the Wheeler Parties' issue.[8]

## CONCLUSION

We reverse the trial court's order dismissing the Wheeler Parties' claims and remand this case for further proceedings consistent with this opinion.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

170332F.P05

---

[7] Because the trial court based its dismissal on the absence of an opinion on the element of causation and our conclusion that, under *Scoresby*, the trial court erred in doing so, it is not necessary for us to also address the Wheeler Parties' argument that the test set forth by *Scoresby* focuses on the curability of the report and not its sufficiency or the Methodist Parties' opposing argument that *Scoresby* sets forth a three-pronged test, rather than curability, as the standard to determine whether to grant an extension to cure. *See* TEX. R. APP. P. 47.1. In addition, we need not also address the Wheeler Parties' claims that Ellis's amended report demonstrates the curability of their expert reports. And we need not also address the Methodist Parties' arguments that Ellis's amended report should not be considered by the trial court with respect to the motion to extend. *See id.*

[8] During oral argument, the Wheeler Parties' counsel withdrew their second issue concerning whether the Methodist Parties waived their objections to the expert reports.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DEBBIE WHEELER, INDIVIDUALLY
AND AS THE REPRESENTATIVE OF
THE ESTATE OF LARRY J. WHEELER,
KIM ADAMS, AND KRISTIE STEWART,
Appellants

No. 05-17-00332-CV        V.

METHODIST RICHARDSON MEDICAL
CENTER AND METHODIST HEALTH
SYSTEM FOUNDATION, Appellees

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-01327-2016.
Opinion delivered by Justice Lang-Miers,
Justices Brown and Boatright participating.

In accordance with this Court's opinion of this date, the order of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants DEBBIE WHEELER, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF LARRY J. WHEELER, KIM ADAMS, AND KRISTIE STEWART recover their costs of this appeal from appellees METHODIST RICHARDSON MEDICAL CENTER AND METHODIST HEALTH SYSTEM FOUNDATION.

Judgment entered this 7th day of December, 2017.